IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIA
NEWNAN DIVISION

| | |
|---|---|
| JOCK L. WALKER, and TENEKA L. WALKER<br><br>Plaintiffs,<br><br>v.<br><br>TENSOR MACHINERY, LTD.; and TENSOR FIBER OPTIC TECHNOLOGIES, LTD,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 3:12-CV-00175-TCB<br><br>(*Removed from Haralson County Superior Court; Civil Action File No. 10CV593M*) |

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURE OF MARK R. CANNON'S EXPERT TESTIMONY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26**

COMES NOW Plaintiffs, Jock L. Walker and Teneka L. Walker ("Plaintiffs"), by and through their counsel of record, and pursuant to Federal Rule of Civil Procedure 26, and by Local Rules 26.1 and 26.2, files this supplemental disclosure to the expert testimony of Mark R. Cannon, P.E., CFEI.

**(a)   Mark R. Cannon, P.E., CFEI**

Mark Cannon, P.E., CFEI, is a professional engineer that has been retained by the Plaintiffs in this case to provide expert testimony regarding the adequacy of the instructions/warnings for the machine in question that may have

Page 1 of 2

incident that injured Jock Walker.

In accordance with Fed. R. Civ. P. 26(a)(2)(B), Plaintiffs have attached the following Exhibits:

- Exhibit "A5" is a summary of Mark Cannon's opinions based on information received after his deposition.

Respectfully submitted this 2nd day of March, 2015.

THE BLASKA LAW FIRM

**/s/Thomas C. Blaska**
Thomas C. Blaska, Esq.
Georgia State Bar No.:  062925
*Counsel for Plaintiffs*

8565 Dunwoody Place
Atlanta, Georgia 30350-3347
Telephone:  770.998.1005
Facsimile:   770.998.2834
E-mail:        tomblaska@yahoo.com

**THE PARKER FIRM, LLC**

**/s/Brian S. Parker**
Brian S. Parker, Esq.
Georgia State Bar No.:  062925
*Counsel for Plaintiffs*

2300 Lakeview Parkway, Suite 700
Alpharetta, Georgia 30009
Telephone:  678.744.6780
Facsimile:   678.666.5604
Email:         brian@tpfirm.com

# EXHIBIT "A5"

# Mark R. Cannon, P.E., CFEI's

# Supplemental Report

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIA
NEWNAN DIVISION

| | |
|---|---|
| JOCK L. WALKER,<br>and TENEKA L. WALKER<br><br>Plaintiffs,<br><br>v.<br><br>TENSOR MACHINERY, LTD.;<br>and TENSOR FIBER OPTIC<br>TECHNOLOGIES, LTD,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 3:12-CV-00175-TCB<br><br>( Removed from Haralson County<br>Superior Court; Civil Action File No.<br>10CV593M ) |

### AFFIDAVIT OF MARK R. CANNON, P.E.

Personally appeared before me, an officer duly authorized by law to administer oaths, Mark R. Cannon who after being duly sworn states as follows:

1.

My name is Mark R. Cannon and I am over the age of eighteen years and I am competent in all respects to testify regarding matters set forth herein.

2.

I have personal knowledge of the facts stated herein and know them to be true.

Page 1 of 9

3.

I am aware that this Affidavit has been prepared for filing and use in the above-styled case.

4.

This affidavit is being written to acknowledge the receipt of additional material in this matter, supplement my Rule 26 affidavit dated June 2, 2014, and to explain if anything has altered my opinions.

5.

The additional material is as follows:

- Affidavit of Chester Durell Pinkard
- Affidavit of Michael James Hilbert
- Correct Threading Procedure of the Tensor SZ Stranding Line and Operation
- Deposition of Evan M. Ormsby, P.E., dated 07/31/14, Exhibits attached
- Tensor Machinery Ltd, Field Service reports of Ellis Weatherford, 2006-2007
- Tensors Second Supplemental Responses to Plaintiffs' Interrogatories and Request for Production of Documents, 1/20/2015
- Consolidated Pre-Trial Order
- Motion for Sanctions, 1/7/2015
- Defendants Response to Motion for Sanctions, 1/20/2015
- SZ Stranding Line General Layout Machine Schematic, 11/20/2000

6.

The above documents have not changed the opinions expressed in my original Rule 26 affidavit nor in my deposition on June 24, 2014. The Rule 26 affidavit addressed Tensor's lack of use of a warning label, sign or instruction to protect workers from a hazardous pinch point while they operated the dual binder component of its SZ Stranding Line.

7.

Tensor's expert, Evan Ormsby, has countered with his interpretation of the Occupational Safety and Health Administration regulations for employers, and opines that Tensor is absolved from any responsibility for the safety of employees who use the dual binding component. Mr. Ormsby has overlooked the fact that the Occupational Safety and Health Act is based on national consensus standards for equipment manufacturing that manufacturers imposed upon themselves before enactment of this Act. The paragraph below is quoted from the Code of Federal Regulations.

> Title 29: Labor
> PART 1910 – OCCUPATIONAL SAFETY AND HEALTH STANDARDS
> §1910.1  Purpose and scope.

> (a) Section 6(a) of the Williams-Steiger Occupational Safety and Health Act of 1970 (84 Stat. 1593) provides that "without regard to chapter 5 of title 5, United States Code, or to the other subsections of this section, the Secretary shall, as soon as practicable during the period beginning with the effective date of this Act and ending 2 years after such date, by rule promulgate as an occupational safety or health standard <u>any national consensus standard</u>, and any established Federal standard, unless he determines that the promulgation of such a standard would not result in improved safety or health for specifically designated employees."

8.

While Mr. Ormsby is correct that OSHA does not apply to manufacturers, manufacturers must comply with national consensus standards—which are the genesis of OSHA regulations. Under these standards, equipment manufacturers must put safety first. This includes providing clear warnings to users (employers and employees) of machines of hazards as well as and instructions on how to operate machines safely. Because Tensor did not provide instructions on how to safely operate the SZ Stranding Line in question, Mr. Ormsby could not opine whether Jock Walker was not threading the machine safely when he was injured.

In other words, Mr. Ormsby simply did not know how Tensor intended for its SZ Stranding Line to be threaded.

9.

Mr. Ormsby requested a conversation with Tensor about how to correctly thread the dual binder, and Tensor ultimately produced a document for Mr. Ormsby that described the *"correct threading procedure"* of the dual binder and warned about the hazards of where the employee should not place their foot. Only after Mr. Ormsby received the *"correct threading procedure"* for the dual binder from Tensor was he then able to substantiate his opinion that OFS, Mr. Walker's employer, did not adequately train Mr. Walker pursuant to instructions that <u>Tensor never provided to OFS</u>.

10.

George Kepes, the conceptual designer of the SZ machine at Tensor, created the *"correct threading procedure"* document ultimately given to Mr. Ormsby but never given to OFS, Mr. Walker's employer. The procedure states the following:

> Under no circumstance should an operator have "his or her" hand on the cable when sending the dual binder to "home position". Under no circumstance should an operator have "his or her" foot on the dual binder while putting it into motion.

There should be no reason for the above said 2 circumstances to occur, to do so an operator is committing an unsafe act.

****<u>Tensor in no form associates itself with the training of operators.</u> The training of operators is strictly done by each individual manufacturing facility and their staff.

11.

Tensor's procedure acknowledges it foresaw that putting one's foot on the dual binder was an unsafe act, which is supported by the guarded dual binder component depicted in the Description of the Dual Binder and Control Station. To prevent potential unsafe acts, the hierarchy of controls (as I described in my deposition) is applied by the following:

(1) eliminating the hazard
(2) substitution
(3) guarding against the hazard
(4) warnings
(5) training
(6) personal protective equipment

12.

There was no warning (4) on the Tensor dual binder about where the operator should not place their foot. Tensor also disassociates itself from training (5) of operators and, as proof, did not provide training procedures for threading the line. Tensor never provided OFS with the *"correct threading procedure"* which

could have been used for training users like Mr. Walker. Because Tensor maintained their silence regarding their knowledge of an unsafe act and failed in their responsibility to provide that information to OFS and Mr. Walker, they have no reasonable basis to criticize Mr. Walker for how he was threading the stranding line that Tensor designed.

13.

In Tensor's second supplemental responses dated January 20, 2015, they were asked what criteria Tensor uses to decide: what, if any, protection were necessary for the SZ machine. Tensor's response was that *"the customer may request any "protection" which it deems appropriate. Prior to placing any such machine into use, the customer provides a full and complete inspection of the machine and makes all decisions regarding any additional "protection" which it may deem necessary."*

14.

As I discussed in my deposition, OSHA points to safety standards followed by the designers and manufacturers of machines because these machine designers and manufacturers know, or should know, how best to protect the users of their machines. It is not to be left solely up to the customer to develop their own learning curve to know how best to protect their workers on a machine

that they did not create. Tensor's expectation for the customer to *"make all decisions regarding any additional "protection" which it may deem necessary"* is not placing the safety of the worker first and is the reason Jock Walker was injured. Tensor's egregious attitude toward users of its machinery outlined above conflicts with safety engineering principles that have been in existence for decades.

15.

Additionally, my report of June 2, 2014 stated that the machine was sold to a company in Brazil. Upon review of Tensor's responses, they explained that the SZ Stranding Line was sold to Atlanta-based Lucent Technologies in 2000 and then shipped to Brazil where it was installed and maintained by Lucent and its agents.

16.

Any and all documents related to this case, including (but not limited to) photographs, videos, exemplar artifacts and/or components shall be considered part of this report and may be used at trial, should that become necessary.

Further affiant sayeth not.

This the 2nd day of March, 2015.

Mark R. Cannon

Sworn to and subscribed before me
this 2nd day of March 2015

Notary Public
My commission expires:



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIA
NEWNAN DIVISION

| | |
|---|---|
| JOCK L. WALKER, and TENEKA L. WALKER<br><br>　　　Plaintiffs,<br><br>v.<br><br>TENSOR MACHINERY, LTD.; and TENSOR FIBER OPTIC TECHNOLOGIES, LTD,<br><br>　　　Defendants. | CIVIL ACTION<br>FILE NO. 3:12-CV-00175-TCB<br><br>(*Removed from Haralson County Superior Court; Civil Action File No. 10CV593M*) |

## CERTIFICATE OF SERVICE

COMES NOW Plaintiffs and pursuant to Rule 26.3 of the Local Rules of the United State District Court, Northern District of Georgia, and provides notice that Defendant Tensor Machinery, Ltd. and Defendant Tensor Fiber Optic Technologies, Ltd. were served a copy of:

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURE OF MARK R. CANNON'S EXPERT TESTIMONY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26**

by depositing a copy of same in the United States Mail with adequate postage affixed thereon and addressed to Defendants as below.

Matthew G. Moffett, Esq.
Jason Hergenroether, Esq.
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326

Respectfully submitted this 2nd day of March, 2015.

THE BLASKA LAW FIRM

**/s/Thomas C. Blaska**
Thomas C. Blaska, Esq.
Georgia State Bar No.: 062925
*Counsel for Plaintiffs*

8565 Dunwoody Place
Atlanta, Georgia 30350-3347
Telephone:   770.998.1005
Facsimile:    770.998.2834
E-mail:         tomblaska@yahoo.com

**THE PARKER FIRM, LLC**

**/s/Brian S. Parker**
Brian S. Parker, Esq.
Georgia State Bar No.: 062925
*Counsel for Plaintiffs*

THE PARKER FIRM, LLC
2300 Lakeview Parkway, Suite 700
Alpharetta, Georgia 30009
Telephone:   678.744.6780
Facsimile:    678.666.5604
Email:          brian@tpfirm.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORIA
## NEWNAN DIVISION

| | |
|---|---|
| JOCK L. WALKER, and TENEKA L. WALKER<br><br>Plaintiffs,<br><br>v.<br><br>TENSOR MACHINERY, LTD.;<br>and TENSOR FIBER OPTIC TECHNOLOGIES, LTD,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 3:12-CV-00175-TCB<br><br>(*Removed from Haralson County Superior Court; Civil Action File No. 10CV593M*) |

I hereby certify that on March 2, 2015, I electronically filed the

**PLAINTIFFS' SUPPLENTAL DISCLOSURE OF MARK R. CANNON'S EXPERT TESTIMONY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26** with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Matthew G. Moffett, Esq.
Jason Hergenroether, Esq.
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road

Atlanta, Georgia 30326

Pursuant to Local Rule 5.1, NDGa., the foregoing pleading is prepared in Book Antigua, 13 pt.

Respectfully submitted this 2nd day of March, 2015.

THE BLASKA LAW FIRM

**/s/Thomas C. Blaska**
Thomas C. Blaska, Esq.
Georgia State Bar No.:  062925
*Counsel for Plaintiffs*

8565 Dunwoody Place
Atlanta, Georgia 30350-3347
Telephone:  770.998.1005
Facsimile:   770.998.2834
E-mail:        tomblaska@yahoo.com

**THE PARKER FIRM, LLC**

**/s/Brian S. Parker**
Brian S. Parker, Esq.
Georgia State Bar No.:  062925
*Counsel for Plaintiffs*

THE PARKER FIRM, LLC
2300 Lakeview Parkway, Suite 700
Alpharetta, Georgia 30009
Telephone:  678.744.6780
Facsimile:   678.666.5604
Email:         brian@tpfirm.com